**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:19-cv-01360-CMA-KMT

SHARON BLACK,

Plaintiff,

vs.

HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY and BOOZ ALLEN HAMILTON, INC.,

Defendants.

---

**HARTFORD'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON BLACK'S ALTERNATIVE ERISA CLAIM BASED ON 29 U.S.C. § 1132(A)(3) AND ERISA STATUTORY PENALTY CLAIM BASED ON 29 U.S.C. § 1132(C)**

---

Pursuant to Fed. R. Civ. P. 56 and CMA Civ. Practice Standard 7.1E, defendant Hartford Life and Accident Insurance Company ("Hartford") moves for partial summary judgment on (i) the third claim for relief, which plaintiff Sharon Black ("Black") has asserted as an alternative claim under 29 U.S.C. § 1132(a)(3) of the Employee Retirement Income Security Act ("ERISA") and (ii) the fourth claim for relief in which Black has sought the assessment of a statutory penalty against Hartford under 29 U.S.C. § 1132(c) of ERISA.

**I.    CLAIMS FOR RELIEF AS TO WHICH HARTFORD SEEKS JUDGMENT.**

    **A.    THIRD CLAIM FOR RELIEF BASED ON 29 U.S.C. § 1132(a)(3).**

        **(1)  Burden of Proof:** Black bears the burden of proof.

        **(2)  Element:** Black must prove that she does not have a cognizable claim under 29 U.S.C. § 1132(a)(1)(B).

**(3) Grounds for Granting Summary Judgment on Claim:** Black's sole remedy arises under 29 U.S.C. § 1132(a)(1)(B) for Hartford's alleged arbitrary ending of the payment of long term disability ("LTD") benefits to her, and, therefore, Black cannot assert an alternative ERISA claim for equitable relief under 29 U.S.C. § 1132(a)(3) against Hartford as a matter of law.

**B.    FOURTH CLAIM FOR RELIEF BASED ON 29 U.S.C. § 1132(c).**

**(1) Burden of Proof:** Black bears the burden of proof.

**(2) Element:** Black must prove that Hartford is the designated Plan Administrator subject to a penalty under 29 U.S.C. § 1132(c).

**(3) Grounds for Granting Summary Judgment on Claim:** Hartford is not the designated Plan Administrator as defined in ERISA, and, therefore, Black cannot assert a claim for a statutory penalty against Hartford under 29 U.S.C. § 1132(c) as a matter of law.

**II.   INTRODUCTION.**

Black was a participant in the Group Long Term Disability Plan for Employees of Booz Allen Hamilton, Inc. ("Plan").  Hartford is the claim administrator responsible for the determination of claims for LTD benefits under the Plan.

Black stopped working for Booz Allen Hamilton, Inc. ("Booz Allen") and submitted a claim for LTD benefits under the Plan.  Hartford approved the payment of LTD benefits to Black subject to her continued satisfaction of the Plan's terms and conditions.  Based on a review of updated information, Hartford determined that Black

was no longer disabled under the Plan and ended the payment of LTD benefits to her. Hartford upheld that decision on appeal.

Black filed this action under ERISA seeking the reversal of Hartford's determination to end the payment of LTD benefits to her. Black has asserted four claims against Hartford. The first and second claims for relief seek the recovery of past due LTD benefits and the reinstatement of LTD benefits under ERISA's remedial provision, 29 U.S.C. § 1132(a)(1)(B). Black's third claim for relief is an alternative ERISA claim seeking equitable relief under the catchall remedial section of ERISA, 29 U.S.C. § 1132(a)(3). Black's fourth claim for relief requests the assessment of a statutory penalty against Hartford under 29 U.S.C. § 1132(c) for an alleged delay in providing documents to Black's counsel during the administrative phase of the claim.[1]

At its core, this case is about whether Hartford reasonably decided to end the payment of LTD benefits to Black based on the Plan's terms and the evidence in the ERISA administrative record. The sole remedy available to Black for the alleged wrongful termination of LTD benefits arises under the ERISA benefits remedy section, 29 U.S.C. § 1132(a)(1)(B). The Court will decide this ERISA benefits claim based on the evidence in the ERISA administrative record and the parties' briefs to be filed pursuant to the Court's briefing schedule. ECF No. 30 at 14.

---

[1] Black also included Booz Allen as a defendant in the fourth claim for relief seeking the award of statutory penalties under 29 U.S.C. § 1132(c). Hartford does not take any position regarding the claim against Booz Allen.

This motion for partial summary judgment brings before the Court the alternative ERISA claim under 29 U.S.C. § 1132(a)(3) and the ERISA statutory penalty claim under 29 U.S.C. § 1132(c).  This motion for partial summary judgment is appropriate, because it (i) will significantly reduce the evidence and the issues to be presented to the Court during the briefing of the ERISA benefits claim and (ii) is relevant to a developing dispute between the parties over the permissible scope of discovery.[2]  CMA Civ. Practice Standard 7.1E(c).

The alternative ERISA claim under 29 U.S.C. § 1132(a)(3) seeks relief that is not available under the ERISA precedent.  ERISA plaintiffs have often sought to repackage their ERISA benefits claims as alternative claims under the catchall equitable relief provision of ERISA, 29 U.S.C. § 1132(a)(3) to seek the recovery of compensatory damages beyond the ERISA benefits at issue.  Such alternative "equitable" claims are not available to an ERISA plaintiff, like Black, who has an adequate remedy under the ERISA's benefit remedial section, 29 U.S.C. § 1132(a)(1)(B).  Moreover, monetary damages are not recoverable under 29 U.S.C. § 1132(a)(3).  Black's alternative ERISA claim based on 29 U.S.C. § 1132(a)(3) is groundless as a matter of law.

Black's statutory penalty claim against Hartford is equally groundless.  29 U.S.C. § 1132(c) applies only to the designated Plan Administrator of a Plan.  Hartford is not

---

[2] Black has served broad written discovery requests and sought the scheduling of depositions of Hartford personnel.  Black has based her broad requests for discovery largely on her claims for relief under 29 U.S.C. § 1132(a)(3) and 29 U.S.C. § 1132(c).  The parties are conferring over the permissible scope of discovery in this case.  If the parties are unable to resolve their disputes, Hartford, pursuant to the Court's procedures, will bring the dispute over the proper scope of discovery before the Court.

the designated Plan Administrator, and, therefore, is not subject to a claim under 29 U.S.C. § 1132(c) as a matter of law.

### III. STATEMENT OF UNDISPUTED MATERIAL FACTS.

#### A. The ERISA Administrative Record.

The Court will base its decision of an ERISA case on "the 'administrative record'—the materials compiled by the administrator in the course of making [its] decision." *Hall v. Unum Life Ins. Co. of Am.*, 300 F.3d 1197, 1201 (10th Cir. 2002). Hartford produced the ERISA administrative record to Black and Booz Allen at the inception of this litigation. The administrative record bears the bates stamp numbers of Black Rec. ("Rec.") 1-3661. There is no dispute about the documents in the ERISA administrative record. Hartford will submit a complete copy of the ERISA administrative record to the Court on or before January 13, 2020 in connection with the briefing of the ERISA benefits claim. ECF No. 30 at 14.

This partial summary judgment motion does not address the merits of Black's claims concerning Hartford's determination that ended the payment of LTD benefits to Black. The resolution of this partial summary judgment motion regarding Black's claims for relief under 29 U.S.C. § 1132(a)(3) and 29 U.S.C. § 1132(c) will depend on the evaluation of legal issues. Consequently, Hartford has limited the documents in the Appendix of Evidence to the Plan document and the minimum number of documents necessary to show the key events in the administration of the claim for LTD benefits. Pursuant to CMA Civ. Practice Standard 7.1E(d), Hartford has numbered the

documents in the Appendix of Evidence consecutively pursuant to the Court's practice standard.[3]

### B. The Undisputed Material Facts.

1. The Plan provides for the payment of LTD benefits to eligible participants who have satisfied the Plan's terms and conditions. *See generally* Movant's Appx., pp. 1-46 –Plan (Rec. 1-46).

2. Booz Allen is the designated Plan Administrator of the Plan. Movant's Appx., p. 28 (Rec. 28).

3. Booz Allen, as the designated Plan Administrator, is responsible for making documents regarding the Plan available to participants in the Plan. Movant's Appx., p. 30 (Rec. 30).

4. The Plan "has granted [Hartford] full discretion and authority to determine eligibility for benefits and to construe and interpret all terms and provisions of the Policy." Movant's Appx., p. 28 (Rec. 28); *see also* Movant's Appx., p. 30 (Rec. 30).

5. On August 5, 2011, Hartford approved the payment of LTD benefits to Black subject to her continued satisfaction of the Plan's terms and conditions. Movant's Appx., pp. 47-50 (Rec. 406-09).

6. On June 21, 2018, Hartford informed Black of its determination that she no longer met the Plan's definition of disability. Movant's Appx., pp. 51-57 (Rec. 593-99).

---

[3] Pursuant to Fed. R. Civ. P. 5.2(a), Hartford has redacted personal identifying information from the documents in the Appendix of Evidence. Hartford also has cited parenthetically the bates stamp page numbers of those documents in the ERISA administrative record.

7. Following Black's appeal of Hartford's decision, on April 15, 2019, Hartford issued its appeal determination upholding the decision to end the payment of LTD benefits to Black. Movant's Appx., pp. 58-66 (Rec. 609-17).

8. In this case, Black seeks the recovery of past due LTD benefits and the reinstatement of LTD benefits based on ERISA's remedial provision, 29 U.S.C. § 1132(a)(1)(B). ECF No. 1, pp. 11-12 (¶¶ 90-101).

9. Black also raises an alternative ERISA claim under the catchall remedial provision of ERISA, 29 U.S.C. § 1132(a)(3), for damages allegedly arising out of Hartford's decision to end the payment of LTD benefits to Black. ECF No. 1, pp. 13-14 (¶¶ 110-25).

10. Finally, Black brings a statutory penalty claim against Hartford under 29 U.S.C. § 1132(c) for an alleged delay in providing documents to Black's counsel during the administrative phase of the claim. ECF No. 1, pp. 15-16 (¶¶ 129-35).

## IV.  ARGUMENT.

### A.  The Standard of Review.

The Court will apply Rule 56 in its consideration of Hartford's partial summary judgment motion directed at Black's alternative ERISA claim based on 29 U.S.C. § 1132(a)(3) and her ERISA statutory penalty claim based on 29 U.S.C. § 1132(c).[4]

---

[4] The Court will review Black's primary ERISA benefits claim under the arbitrary and capricious standard of review. The principles of Rule 56 will not be applicable to the consideration of the ERISA benefits claim. *See*, *e.g.*, *Jatko v. Aetna Life Ins. Co.*, No. 09-cv-00992-CMA-MJW, 2010 WL 3927770 at *5 (D. Colo. Sept. 30, 2010) ("summary judgment is improper in actions seeking judicial review of the [ERISA] administrative record").

Hartford must show that "there is no genuine issue as to any material fact and that [it] is entitled to judgment as a matter of law." *Kovach v. Navient Solutions, Inc.*, No. 16-cv-02755-CMA-NYW, 2018 WL 3109088 at *1 (D. Colo. June 25, 2018) (quoting Fed. R. Civ. P. 56(a)). The Court has held that a "dispute is 'genuine' if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party."[5] *Id.* (citing *Allen v. Muskogee*, 119 F.3d 837, 839 (10th Cir. 1997)). The Court will construe "the evidence in the light most favorable to" Black as the nonmoving party. *Id.* Hartford "need simply point out to the Court a lack of evidence for [Black] on an essential element of [Black's] claim." *Id.* (citing *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)).

### B. Black's Alternative ERISA Claim Under 29 U.S.C. § 1132(a)(3) Is Groundless as a Matter of Law, Because Black's Sole ERISA Remedy Arises Under 29 U.S.C. § 1132(a)(1)(B).

The civil remedy provisions of ERISA, which appear at 29 U.S.C. § 1132, constitute an "interlocking, interrelated, and interdependent remedial scheme." *Massachusetts Mut. Ins. Co. v. Russell*, 473 U.S. 134, 146 (1985). ERISA's remedial provisions are "carefully integrated," demonstrating that Congress "did not intend the judiciary to imply[] a cause of action for extra-contractual damages caused by improper or untimely processing of benefit claims." *Id.* at 145, 148.

Within ERISA's interlocking and carefully integrated remedial scheme, there are three principal claims for relief available to participants. The first, and most important,

---

[5] There will not be a jury trial in this ERISA case.

allows a participant to "recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B).  Black has based her first and second claims for relief on this remedial provision.[6]

The third ERISA remedial provision, 29 U.S.C. § 1132(a)(3), provides, in relevant part, that:

> A civil action may be brought –
>
> (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.

The circumstances supporting a claim for relief under this provision are limited. 29 U.S.C. § 1132(a)(3) "does not . . . authorize 'other appropriate equitable relief' at large, rather it countenances only such relief as will enforce the terms of the plan or the statute." *US Airways, Inc. v. McCutchen*, 569 U.S. 88, 100 (2013) (citation and emphasis omitted).  29 U.S.C. § 1132(a)(3) allows only such relief as has traditionally been available in equity, and, therefore, money damages may not be awarded under this provision of ERISA.  *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 217 (2002) ("Like it or not … the classification and distinction [between law and equity] has been specified by the statute; and there is no way to give the specification meaning—indeed, there is no way to render the unmistakable limitation of the statute a

---

[6] Hartford does not challenge the legal basis of the 29 U.S.C. § 1132(a)(1)(B) claim in this motion but denies that Black is entitled to any relief under that section of ERISA.

limitation *at all*—except by adverting to the differences between law and equity to which the statute refers." (italics in original)).

In *Varity Corp. v. Howe,* 516 U.S. 489 (1996), the Supreme Court considered the scope of relief available under 29 U.S.C. § 1132(a)(3) within the context of the other remedial provisions of ERISA. The Supreme Court found that four of the six remedial subsections of 29 U.S.C. § 1132 "focus upon specific areas, *i.e.*, the first (wrongful denial of benefits and information), the second (fiduciary obligations related to the plan's financial integrity), the fourth (tax registration), and the sixth (civil penalties). *Varity Corp.*, 516 U.S. at 512. The Court went on to find that the "language of the other two subsections [§ 1132(a)(3) and § 1132(a)(5)] . . . creates two 'catchalls,' providing 'appropriate equitable relief' for 'any' statutory violation." *Id*. Therefore, the Court concluded that "these 'catchall' provisions act as a safety net, offering appropriate relief for injuries caused by violations that [§ 1132] … *does not elsewhere adequately remedy*." *Id.* (emphasis added). The Supreme Court stated that "we should expect that where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief normally would not be 'appropriate.'" *Id*. at 515. A critical factor in the Court's decision in *Varity* was that the plaintiffs would have "no remedy at all" unless relief was available to them under § 1132(a)(3). *Id.*

Based on *Varity*, the Tenth Circuit has held that "[c]onsideration of a claim under 29 U.S.C. § 1132(a)(3) is improper when the [plaintiff], as here, states a cognizable claim under 29 U.S.C. § 1132(a)(1)(B)." *Lefler v. United Healthcare of Utah, Inc.*, 72

Fed. Appx. 818, 826 (10th Cir. 2003) (unpublished); *see also Rochow v. Life Ins. Co. of N. Am.*, 780 F.3d 364, 372 (6th Cir. 2015) (claim under § 1132(a)(3) is impermissible when claimant has adequate remedy under § 1132(a)(1)(B)); *Moore v. Berg Enterprises, Inc.*, 201 F.3d 448, 1999 WL 1063823 at *2 n.2 (10th Cir. 1999) (unpublished table decision) ("Moore is not entitled to 'repackage his … denial of benefits' claim as a claim for breach of fiduciary duty []' … and seek relief under section 1132(a)(3)") (quoting *Varity Corp.* 516 U.S. at 513) (internal quotation marks omitted)). This Court has held that an ERISA claimant with an ERISA benefits claim under 29 U.S.C. § 1132(a)(1)(B) cannot seek alternative equitable relief under 29 U.S.C. § 1132(a)(3). *Sliwinski v. Aetna Life Ins. Co.*, No. 17-cv-01528-RM-MEH, 2018 WL 4697310 at *9-11 (D. Colo. Mar. 2, 2018); *Ihde v. United of Omaha Life Ins. Co.*, No. 17-cv-00847-RM-NYW, 2017 WL 5444551 at *6-8 (D. Colo. Nov. 11, 2017); *Powers v. Blue Cross Blue Shield of Illinois*, 947 F. Supp. 2d 1139, 1143-44 (D. Colo. 2013).[7]  Other district courts of the Tenth Circuit have arrived at the same conclusion.  *See, e.g.*, *Boothe v. Deseret Mut. Benefit Administrators*, No. 1:16-cv-00008-DN, 2017 WL 2787748 at *12 (D. Utah June 27, 2017); *Rutherford v. Hartford Life & Acc. Ins. Co.*, No. 15-cv-0332 SMV/SCY, 2015 WL 13651178 at *7 (D.N.M. Sept. 14, 2015); *Holbrooks v.*

---

[7] In *Smith v. Liberty Life Assur. Co. of Boston*, No. 17-cv-01794-PAB-GPG, 2018 WL 4635983 at *3 (D. Colo. Sept. 27, 2018), the Court allowed an alternative 29 U.S.C. § 1132(a)(3) claim to survive a motion to dismiss due to an allegation that the administrator's misinformation "prevented [the claimant] from adequately substantiating her benefits claim."  Based on this narrow finding, *Smith* is distinguishable from this case and is not contrary to the authority on which Hartford relies.

*Sun Life Assur. Co. of Canada*, No. 11-1383-JTM, 2012 WL 2449850 at *2 (D. Kan. June 26, 2012).

Black filed this action to reverse Hartford's determination that she no longer is eligible to receive LTD benefits under the Plan. The Prayer for Relief of the complaint shows that the focus of this case is on the determination of Black's eligibility for continued LTD benefits under the Plan. ECF No. 1 at 16 (subparagraph a) (seeking a declaration that she "is disabled within the meaning of the LTD Policy and is entitled to benefits under the Plan and the LTD Policy"); 16 (subparagraph b) (seeking an order requiring Hartford "to pay [her] all past-due benefits under the LTD Policy"); 17 (subparagraph d) (seeking a declaration that she "is entitled to receive benefits under the LTD Policy for so long as she continues to meet the terms and conditions of the Plan for receipt of such benefits"). These are appropriate claims for relief under 29 U.S.C. § 1132(a)(1)(B), which is ERISA's benefits remedial section.[8] ECF No. 1 at 11-13 (¶¶ 90-108).

In her alternative ERISA claim under 29 U.S.C. § 1132(a)(3), Black seeks the recovery of additional monetary damages related to Hartford's decision to end the payment of LTD benefits, not equitable remedies. ECF No. 2 at 9-12 (¶¶ 41-49). The link between Hartford's adverse claim determination and the alleged damages sought under the 29 U.S.C. § 1132(a)(3) claim is readily apparent:

- "Hartford knew it could cause irreparable financial harm to Ms. Black and her family." ECF No. 1 at 13 (¶ 113).

---

[8] Hartford denies that Black is entitled to any relief under 29 U.S.C. § 1132(a)(1)(B).

- "Hartford earns substantial interest and/or return on equity on the funds withheld from Ms. Black since June 12, 2018."  ECF No. 1 at 13 (¶ 114).
- "by delaying payment of compensable claims, while simultaneously earning substantial interest and/or return on equity from unpaid benefits, Hartford places its interests ahead of the interests of its insureds."  ECF No. 1 at 13 (¶ 116).
- "Hartford's financial benefits came at Ms. Black's expense."  ECF No. 1 at 14 (¶ 117).
- "Hartford denied Ms. Black the full value of the LTD benefits due to her under the LTD Policy."  ECF No. 1 at 14 (¶ 119).

Black asserted in the complaint that her "equitable remedies are separate and distinct from Hartford's liability for unpaid LTD benefits," but the purpose of these purported "equitable remedies" is to provide what amounts to extra-contractual damages for "the loss of [Black's health insurance, the loss of financial savings, and other harms beyond simply the wrongful withholding of her LTD benefits."  ECF No. 1 at 15 (¶ 125).

The sole remedy for an allegedly wrongful denial of benefits under ERISA is an award of benefits under 29 U.S.C. § 1132(a)(1)(b), plus a potential award of attorneys' fees under 29 U.S.C. § 1132(g)(1).  In her 29 U.S.C. § 1132(a)(3) claim, Black has repackaged her benefits claims as an "equitable" claim to seek financial damages for losses allegedly linked to the ending of LTD benefits.  The Tenth Circuit and this Court have rejected similar attempts to repackage an ERISA benefits claim as an "equitable" claim.  *Lefler*, 72 Fed. Appx. at 826; *Moore*, 201 F.3d 448, 1999 WL 1063823 at *2 n.2; *Sliwinski*, 2018 WL 4697310 at *9-11; *Ihde*, 2017 WL 5444551 at *6-8; *Powers*, 947 F. Supp. 2d at 1143-44.  The Tenth Circuit also has repeatedly held that compensatory damages are not available under 29 U.S.C. § 1132(a)(3).  *Lind v. Aetna Health, Inc.*, 466 F.3d 1195, 1200 (10th Cir. 2006); *Millsap v. McDonnell Douglas Corp.*, 368 F.3d

1246, 1259-60 (10th Cir. 2004); *Moffett v. Halliburton Energy Services, Inc.*, 291 F.3d 1227, 1234-35 (10th Cir. 2002); *see also Russell*, 473 U.S. at 148 ("[I]n [§1109, ERISA's fiduciary breach remedy] Congress did not provide, and did not intend the judiciary to imply, a cause of action for extra-contractual damages caused by improper or untimely processing of benefits claims.").

Black cannot avoid these limitations by attempting to repackage her claim as one for equitable relief. *See Mertens v. Hewitt Assocs.,* 508 U.S. 248, 255 (1993) ("Although they often dance around the word, what petitioners in fact seek is nothing other than compensatory damages—monetary relief for all losses their plan sustained as a result of the alleged breach of fiduciary duties. Money damages are, of course, the classic form of legal relief."). Black's attempt to recover compensatory damages exceeds the permissible scope of equitable relief under 29 U.S.C. §1132(a)(3). *McCutchen*, 569 U.S. at 100 (this provision "does not . . . authorize 'other appropriate equitable relief at large, rather it countenances only such relief as will enforce the terms of the plan or the statute" (citation and emphasis omitted)). Black cannot recover compensatory damages contrary to the remedial scheme of ERISA simply by dressing them up as equitable relief. The sole remedy available to Black for Hartford's decision to end LTD benefits arises under 29 U.S.C. §1132(a)(1)(B), and, therefore, Black's alternative claim under 29 U.S.C. §1132(a)(3) is groundless as a matter of law.

**C. 29 U.S.C. § 1132(c) Does Not Apply to Hartford in Its Capacity as Claims Administrator, and, Therefore, the Court Should Enter Judgment in Favor of Hartford on Black's Fourth Claim for Relief Under 29 U.S.C. § 1132(c).**

In her fourth claim for relief, Black contends that Hartford failed to respond in a timely manner to her request for documents and seeks the imposition of a statutory penalty under 29 U.S.C. § 1132(c). ECF No. 1 at 15-16 (¶¶ 129-35). Black's fourth claim for relief is groundless as a matter of law.

**1. The Elements of a 29 U.S.C. § 1132(c)(1) Claim.**

Black bears the burden to prove her claim under 29 U.S.C. § 1132(c)(1). *Sage v. Automation, Incorporated Pension Plan & Trust*, 845 F.2d 885, 894 n. 4 (10th Cir. 1988). Black must establish that "the trustee was required by ERISA to provide the information and that the member requested such information, but the trustee did not provide it." *Id.* (citing *Kleinhans v. Lisle Sav. Profit Trust*, 810 F.2d 618, 622 (7th Cir. 1987)).

**2. Hartford is Not the Plan Administrator, and, Therefore, Cannot Be Liable Under 29 U.S.C. § 1132(c)(1).**

The ERISA statutory penalty provision applies to an "administrator" of an ERISA plan. 29 U.S.C. § 1132(c). ERISA defines "administrator" as "the person specifically so designated by the terms of the instrument under which the plan is operated . . . ." 29 U.S.C. § 1002(16)(A)(i). The Tenth Circuit has held that:

> Section 1002(16)(A) provides that if a plan specifically designates a plan administrator, then that individual or entity is *the* plan administrator for purposes of ERISA. The statutory language is clear and unambiguous, and admits of no other interpretation.

-15-

*McKinsey v. Sentry Ins.,* 986 F.2d 401, 404 (10th Cir. 1993) (emphasis in original).

Booz Allen is the designated Plan Administrator. Movant's Appx., p. 28 (Rec. 28). The Plan expressly provides that the "Plan Administrator," which is identified to be Booz Allen, is the entity responsible for providing copies of plan-related materials to Plan participants. Movant's Appx., p. 30 (Rec. 30).

The Tenth Circuit has unequivocally held that the "language of § 1132(c) and § 1002(16)(A)(i) is unambiguous and admits no other interpretation," and, therefore, only the entity "specifically designate[d]" as the Plan Administrator is liable for a claim under 29 U.S.C. § 1132(c). *Thorpe v. Retirement Plan of Pillsbury Co.,* 80 F.3d 439, 444 (10th Cir. 1996). The Plan did not designate Hartford as the Plan Administrator. Movant's Appx., p. 28 (Rec. 28). Consequently, based on the well settled precedent of the Tenth Circuit, Hartford cannot be liable for a statutory penalty for alleged failure to provide documents under 29 U.S.C. § 1132(c) as a matter of law. *Moore v. Berg Enterprises, Inc.*, 201 F.3d 448, 1999 WL 1063823 at *3 (10th Cir. 1999) (unpublished table decision) (only the entity "designated … as the Plan administrator" is "a proper party defendant on … section 1132(c)(1) claim"); *McKinsey*, 986 F.2d at 405 ("We therefore reject the expansive definition of plan 'administrator' advanced by the First Circuit and plaintiff here, and conclude that because Sentry was not designated by the SERP, plaintiff could not assert a § 1132(c) claim against Sentry."); *Swanson v. Aetna Life Ins. Co.*, No. 15-cv-0785-WYD-CBS, 2016 WL 54118 at *4-5 (D. Colo. Jan. 5, 2016) (dismissing § 1132(c) claim against an ERISA claim administrator, because "Section 1132(c) cannot be enforced against any entity except the plan administrator").

Therefore, the Court should enter partial summary judgment dismissing the fourth claim for relief against Hartford based on 29 U.S.C. § 1132(c).

## V. CONCLUSION.

Black's alternative ERISA claim based on 29 U.S.C. § 1132(a)(3) and statutory penalty claim against Hartford under 29 U.S.C. § 1132(c) are groundless as a matter of law. The Court should grant partial summary judgment to Hartford on Black's third and fourth claims for relief and allow the Court and the parties to focus on the sole true issue in this case – the 29 U.S.C. § 1132(a)(1)(B) benefits claim regarding the reasonableness of Hartford's ERISA claim determination under the arbitrary and capricious standard of review.

DATED this 8th day of October, 2019.

Respectfully submitted,

*s/Jack M. Englert, Jr.*
Jack M. Englert, Jr.
HOLLAND & HART LLP
6380 South Fiddlers Green Circle, Suite 500
Greenwood Village, CO 80111
jenglert@hollandhart.com
303-290-1087

**ATTORNEYS FOR HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on October 8, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail address:

Shawn E. McDermott, Esq.
Timothy M. Garvey, Esq.
MCDERMOTT LAW, LLC
4600 S. Ulster Street, Suite 800
Denver, CO 80237
shawn@mcdermottlaw.net
tim@mcdermottlaw.net

Darren E. Nadel, Esq.
Thomas W. Carroll, Esq.
LITTLER MENDELSON, P.C.
1900 Sixteenth Street, Suite 800
Denver, CO  80202
dnadel@littler.com
tcarroll@littler.com

*s/ Jack M. Englert, Jr.*
Jack M. Englert, Jr.
HOLLAND & HART LLP
6380 S. Fiddler's Green Circle, Suite 500
Greenwood Village, Colorado  80111
(303) 290-1087

13622088_v1